## LEDSINGER vs. THE CENTRAL LINE STEAMERS.

Where suit was brought against the Central Line Steamers, a co-partnership alleged to be engaged as common carriers in running a line of boats, and composed of an individual and a railroad company, in whose charter no power to form such a partnership appears, such action was demurrable. There was nothing in it to amend by, and it was proper to refuse an amendment by which it was sought to sue the natural person and the company as individual tort feasors united in a common venture as carriers.

November 17, 1885.

Railroads. Partnership. Actions. Amendment. Torts. Before Judge WILLIS. Muscogee Superior Court. May Term, 1885.

The original suit in this case was by Ledsinger against Samuel J. Whitesides and the Central Railroad, as partners, under the name of the Central Line Steamers, for the loss by fire of certain cotton shipped by the plaintiff. The body of the amendment was as follows:

" And for this also, that afterwards, to-wit, on the 2d day of April, 1884, the said Central Line of Steamers, being the name that certain steamboats, navigating the Chattahoochee, Flint and Apalachicola rivers, between the city of Columbus, in Muscogee county, Georgia, and the city of Apalachicola, in Florida, adopted to distinguish their said boats from certain other lines of boats on said rivers, said competing lines being known as the People's Line and Merchants and Planters' Line, the said Central Line of Steamers being certain steamboats named " Julia St. Clair," " Bandy Moore," " Geo. W. Wiley," " Wm. S. Holt," " Rebecca Everingham" and " Naiad," and other boats, names unknown to plaintiff, the same being navigated and run on the rivers aforesaid, from the year 1868 to the present time, and during said period of time, as common carriers of freight and passengers, from Columbus, Georgia, to Apalachicola, Florida, with head office in Columbus, Georgia, and with Samuel J. Whitesides, as agent, in charge; that the said Central Railroad and Banking Company, of Georgia, a corporation, whose principal office is in the city of Savannah, Chatham county, chartered and empowered as a railroad and common carrier of freight and passengers for hire, and run and have owned, leased or controlled, and controlled for a long period of time, to-wit, since 1868, and to the present time, said Central

Line of Steamers, and have, by and through the agency of said Samuel J. Whitesides, navigated and run said Central Line of boats on said rivers, and have held, used and occupied said Central Line of Steamers as part of their corporate property, and have navigated said rivers as they deemed most beneficial to their interest, and said Central Railroad and Banking Company, of Georgia, have and are now operating said Central Line Steamers in a manner which has greatly facilitated the business of said Central Railroad and Banking Company, of Georgia, as common carriers of freight and passengers, and have, by and through the agency and means of said Central Line of Steamers, sustained a competition on said rivers between competing lines of incorporated boats and other competing line of railroads engaged in the carriage of freights and passengers for hire and reward in the territory adjacent to and tributary to said rivers. And the said Central Railroad and Banking Company, of Georgia, and the said Samuel J. Whitesides did, on and prior to said 2d of April, 1884, advertise and offer themselves to the public as common carriers, both for passengers and freight, upon said rivers from Columbus, Georgia, to Apalachicola, Florida, and intermediate landings by and through the said Central Line of Steamers; and as such did, on said 2d day of April, 1884, at Fort Gaines, Georgia, take and receive from petitioner on their steamer, Everingham, a certain lot of 24 bales of lint cotton of the aggregate weight of 11,364 lbs., marked and known as 16 b/c Rat, 2 b/c $c_8^J$, 4 b/c MT, 2 b/c SP, same being securely packed in bales and covered with bagging and iron ties, being delivered in good order and condition, as required by law, same being the property of petitioner and of the value of twelve hundred and fifty $1\frac{4}{0}$ dollars, which said cotton the said Central Railroad and Banking Company, of Georgia, and the said Samuel J. Whitesides, then and there, in consideration of certain freight to be paid, undertook and promised, safely and promptly, to transport to Columbus, Georgia, and then in good condition to deliver to your petitioner; but said parties, or either of them, not regarding their said promise and undertaking, and in disregard of their duty and the law, as carriers of passengers and freight by steamboats, and with intent to injure and defraud your petitioner, so negligently and carelessly carried said cotton and managed said steamboat whereon it was shipped, that said cotton was, by the want of due and ordinary care, and by the gross negligence of the Central Railroad and Banking Company, of Georgia, and said Samuel J. Whitesides, their agents and servants, as well as by reason of receiving on said boat of other cotton, as frieght, not compactly pressed and thoroughly covered with bagging or other similar fabric, and not secured with good rope or iron bands, contrary to law, and over protest of your petitioner, as well as not having in good order and ready for immediate use, their pumps, pipes, cocks, valves, hose and nozzles for pumping and throwing water in extinguishment of fire, in

violation of law and through gross negligence and carelessness, and by reason of said boat not having and keeping a suitable number of watchmen, and by reason of the gross carelessness and want of skill and caution of said Central Railroad and Banking Company, of Georgia, Samuel J. Whitesides, and their officers, servants and agents, in the use of an electric light without a globe, the same being in close proximity to certain cotton (all of which was well known to the officers, agents and servants of said boat, but unknown to petitioner), by reason of which all of said cotton was burned and entirely lost to petitioner. And the said Central Railroad and Banking Company, of Georgia, and the said Samuel J. Whitesides, joint tort feasors, or either of them, have failed and refused to deliver said cotton, or any part thereof, to your petitioner, or pay him the value thereof, although often requested s) to do, to the damage of petitioner twelve hundred and fifty $\frac{4}{100}$ dollars."

HATCHER & PEABODY, for plaintiff in error.

PEABODY & BRANNON, for defendant.

JACKSON, Chief Justice.

A suit was brought by the plaintiff in error against the Central Line Steamers, a copartnership engaged as a common carrier, composed of Samuel J. Whitesides, of the county of Muscogee, and the Central Railroad and Banking Company, of Georgia, a corporation whose principal office is in Savannah, Georgia, said partnership using the firm name and style of Central Line Steamers. To this there was a demurrer filed, that there could be no recovery, because there could be no such partnership formed by said corporation. Whereupon a motion was made to amend, as set out in the report at the head of this opinion, and the amendment was disallowed, and the demurrer sustained, and case dismissed, and error is assigned here on this judgment.

The original action was demurrable, as ruled in *Gunn vs. Central Railroad and Banking Company et al.*, decided at the February term, 1885, 74 *Ga.*, 509. It having been then ruled that this corporation could not form a copartnership, and that such a copartnership did not exist, be-

cause the act of the corporation in entering into· it was *ultra vires*, it must follow that nothing was sued in the original declaration, and therefore there is nothing to amend by, and the amendment which appears to be an effort to sue the partners now as individual tort-feasing carriers united in a common venture as carriers, having nothing to rest upon in court, cannot stay there, and must leave with that nothing on which it hangs.

There was no error, therefore, in denying the motion to amend and in dismissing the action·

Judgment affirmed.